901 F.2d 838
 Unempl.Ins.Rep. CCH 15358A
Sandra EVERHART, Thomas Everhart, and Myron Zenick, on
behalf of themselves and all others similarly
situated, Plaintiffs-Appellees,
v.
Berline WISE and Emil S. Zweizen, Plaintiffs-Intervenors-Appellees,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, and Gwendolyn S. King, Commissioner of
the Social Security Administration, in
their official capacities,
Defendants-Appellants.
 No. 87-1839.
 United States Court of Appeals,
Tenth Circuit.
 April 16, 1990.
 
 Appeal from the United States District Court for the District of Colorado (D.C. No. 85-2590); Zita L. Weinshienk, Judge.
 Michael Kimmel (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Robert N. Miller, U.S. Atty., Denver, Colo., and William Kanter with him on the brief), Dept. of Justice, Washington, D.C., for defendants-appellants.
 Linda J. Olson (Daniel M. Taubman, Colorado Coalition of Legal Services Programs, Denver, Colo., and R. Eric Solem with her on the brief), Legal Aid Soc. of Metropolitan Denver, Denver, Colo., for plaintiffs-appellees.
 Before HOLLOWAY, Chief Judge, TIMBERS* and BALDOCK, Circuit Judges.
 PER CURIAM.
 
 
 1
 In Sullivan v. Everhart, --- U.S. ----, 110 S.Ct. 960, 108 L.Ed.2d 72 (1990), the Supreme Court reversed this court's determination in Everhart v. Bowen, 853 F.2d 1532 (10th Cir.1988), that the Secretary's netting regulations, 20 C.F.R. Secs. 404.504 and 416.538, were invalid due to inconsistency with the underlying statutes, 42 U.S.C. Secs. 404(a)(1)(A), (B) & 404(b) and 42 U.S.C. Secs. 1383(b)(1)(A) & (B). In Everhart v. Bowen, 853 F.2d at 1539, we affirmed the district court's resolution of this issue, but reversed the district court's entry of a statewide injunction prohibiting application of the regulations. In reversing our judgment, the Supreme Court held that the regulations reflected a permissible construction of the statutes involved and that the definition of the netting period contained in the regulations did not render the netting procedure arbitrary and capricious. Sullivan v. Everhart, 110 S.Ct. at 966-67.
 
 
 2
 The Court did not address the plaintiffs' contention that the regulations violate due process, because this court had not done so. Id. at 967-68; see also Everhart v. Bowen, 853 F.2d at 1533 (describing constitutional claim). The Court remanded the case to this court for further proceedings. We, in turn, VACATE the district court's ruling invalidating the netting regulations and entry of the statewide injunction and REMAND to the district court for consideration of the plaintiffs' constitutional claim.
 
 
 3
 SO ORDERED.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation